## PERKINS v. HOYT et al.

(1883 Term.)

APPEAL—REVIEW—MOTION FOR NEW TRIAL.

Where no motion is made for a new trial in the lower court, as required by Comp. Laws, p. 71, § 306, and the rule of this court, a writ of error will be dismissed.

Error from district court, Carbon county. Action by W. M. Hoyt & Co. against Charles H. Perkins. Judgment for plaintiffs. Defendant brings error. Dismissed.

SENER, C. J. This was an action brought in the district court of Carbon county by the defendants in error to recover of the plaintiff in error here a certain promissory note for $265.25, together with attorney fees, interest, and costs. The defendant below interposed a demurrer to the first petition, which was sustained. Thereupon the plaintiffs below asked leave to amend their petition, which was granted, without objection or exception being taken, and the amended petition in pursuance of this leave was filed. Afterwards the defendant moved to strike from the files the amended petition, because "no notice had been served on the defendant, as required by law." The court below, having heard the motion read, reserved its decision from one term to the next, and then denied it. The defendant excepted; took leave to file an answer; did file an answer. The case was tried by the court without the intervention of a jury, and judgment given for the plaintiffs below for the sum of $300.16 and costs. To the judgment the defendant excepted. Afterwards, at the same term, a bill of exceptions was signed by the presiding judge of that court, reciting the denial of the defendant's motion to strike from the files of the court the amended petition, as before recited, and his exception and the entry of the judgment in the case, and the defendant's exception; and this is substantially a statement of all of the record in the case which is brought into this court for review.

The plaintiff in error is neither here in person or by counsel, nor has he filed printed record or brief, as required by the rules of this court, but is in default. The defendants in error move to dismiss, because there was no motion for a new trial in the court below, as required by the sixth rule of the court, which is as follows: "No case will be heard in court unless a motion for a new trial shall have been made in the court below, in which all matters of error and exceptions have been presented, argued, and the motion overruled, and exceptions taken to the overruling of said motion; all to be embraced in the bill of exceptions when the decision is not entered on the journal, and the grounds of objection do not sufficiently appear in the journal entries of the court: provided, that, where actions are dismissed by reason of a demurrer to plaintiff's petition being sustained, it shall be sufficient to carry the case up by filing a certified copy of the record with the briefs of counsel." If the record shows no such motion in the court below, the motion to dismiss is well taken here as well under the rule of our court, so often affirmed in the court, and now reaffirmed. That rule which, by the laws of this territory, (vide chapter 106, § 4, p. 545, Comp. Laws Wyo.,) is binding upon the several courts and the parties practicing and having business therein, as though the same were an enactment of the legislative authority of the territory, provided it be not inconsistent with the organic act or the laws of the territory. Here there was a trial by the court and a finding, and a judgment by the court on the trial, which judgment it is sought to reverse because of the alleged error in not striking from the files the amended petition. If error was committed, or the defendant supposed it was committed, it was the law and the rule of this court that he should move for a new trial, alleging in his motion the error of which he complained, and thus exhaust his efforts, thereby giving the trial court an opportunity to correct its error before invoking the authority of this court; for among the grounds for a new trial which are stated to be sufficient to entitle a party to a new trial, provided they affect materially the substantial rights of a party to an action, are "irregularity in the proceedings of the court," or any order of the court, by which a party was prevented from having a fair trial. This was the remedy of the defendant, both under the law (vide Comp. Laws Wyo. p. 71, § 306) and the rule of this court, which is clearly not only not inconsistent with this law, but entirely consistent therewith. Not following the law or the rule of this court in the course pursued in bringing this case here by filing a motion for a new trial in the court below, conformably to law and

O'Brien v. Foglesong.

the rule of this court, the plaintiff in error has not so perfected his case in the court below, nor brought any such record into this court, as we can review. For these reasons the motion to dismiss must prevail, and the case must be dismissed, with costs to the defendants in error.